NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 24-1709

MARIE G. LAMB,

Appellant

v.

CVS PHARMACY LLC

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:21-cv-00638)
District Judge: Honorable Paul S. Diamond

Submitted under Third Circuit L.A.R. 34.1(a)
March 28, 2025

Before: BIBAS, PHIPPS, and AMBRO, *Circuit Judges*

(Opinion filed June 13, 2025)

OPINION*

AMBRO, *Circuit Judge*

   In December 2019, Marie Lamb's son, Thomas Austin, brought 16 VHS tapes

containing family memories to a CVS Pharmacy in Philadelphia to be converted into

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

DVDs. When he gave the tapes to CVS, he received 16 receipts. Each contained the following limitation-of-liability language:

> READ THIS NOTICE: the submission of film, prints, slides, negatives, videos, CD or any other media for processing, printing, or any other handling, constitutes an agreement by you that if such film, slides, negatives, videos, CD or any other media is damaged, lost or mishandled by FUJIFILM North America Corporation, its affiliates, retailers, agents or employees, even though due to the negligence or other fault of any of the foregoing, liability will be limited to replacement of an equivalent amount of unexposed film or media and processing. The forgoing [*sic*] will be your exclusive remedy for any such loss, damage or mishandling. Except for such replacement the acceptance for processing, printing, or handling of any film, slides, negatives, videos, CD or any other media is without warranty whatsoever (whether expressed or implied) or other liability of any kind. Recovery for incidental, punitive, indirect or consequential damages is specifically waived and excluded. NOT RESPONSIBLE FOR PROPERTY LEFT OVER 30 DAYS.

App. 87-102.

CVS sent the tapes to Fujifilm through the U.S. Postal Service, and the tapes were lost. CVS inquired with USPS about the tapes to no avail. Lamb and Austin also asked various CVS personnel about the tapes, but no one could locate them.

**I**

In 2020, Lamb sued CVS in the Court of Common Pleas of Philadelphia County. She sought the return of her tapes, information about CVS's investigation, and punitive and compensatory damages. CVS removed the matter to the United States District Court for the Eastern District of Pennsylvania.

This action stems from Lamb's second amended complaint in that Court, alleging violations of Pennsylvania law. She claimed (1) the right to replevin the tapes, (2) breach of contract, (3) negligent infliction of emotional distress (NIED), and (4) fraud. In 2022,

2

the District Court dismissed her claims for NIED and fraud with prejudice, thereby denying her request for punitive damages.

In 2023, CVS moved for partial summary judgment on Lamb's remaining claims of replevin and breach of contract. It argued Lamb's claim for replevin should be dismissed as moot. Though conceding breach of contract, CVS asserted that damages, under the limitation-of-liability provision, should not exceed the approximate cost of replacing the tapes—$334.84.[1] The Court granted CVS's motion and awarded Lamb that amount. She does not dispute the dismissal of her NIED and fraud claims nor the grant of summary judgment on her replevin claim. She timely appealed, however, the District Court's enforcement of the limitation-of-liability provision.[2] We agree with the District Court and thus affirm.

## II

The District Court had jurisdiction under 28 U.S.C. §§ 1332 and 1441. We have jurisdiction under 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment *de novo*." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012).

---

[1] CVS calculated this amount by adding the price of converting the first VHS tape ($25.99), each subsequent tape ($9.99 each), and 16 blank VHS tapes ($10 each).

[2] Lamb also attempts to revive a negligence claim she brought in her initial complaint. The operative complaint, however, is the Second Amended Complaint, and we do not consider allegations from the initial complaint. *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)).

Lamb argues that the liability limitation is unenforceable because it is exculpatory, arises in the consumer context, lacks conspicuousness, is unconscionable, and offers an inadequate remedy. She also contends that the contract is ambiguous and does not apply to CVS because the provision pertains to Fujifilm and the tapes were intended to be sent to a different third-party vendor, "yesvideo."

First, the provision is not exculpatory. In Pennsylvania, courts recognize a distinction between an exculpatory contract—one that completely absolves a party of liability—and a contract that simply limits the extent of liability. *Posttape Assocs. v. Eastman Kodak Co.*, 537 F.2d 751, 755 (3d Cir. 1976); *Valhal Corp. v. Sullivan Assocs.*, 44 F.3d 195, 202 (3d Cir. 1995). Here, the provision states that "liability will be limited to replacement of an equivalent amount of unexposed film or media and processing." App. 87–102. That clause only limits damages—it does not absolve CVS from liability.

Second, we reject Lamb's argument that the liability limitation is unenforceable because she and Austin are unsophisticated parties who did not read that provision. Lamb repeatedly relies on *Valhal Corp.*, 44 F.3d at 203–04, to argue that the limitation-of-liability provision is unenforceable because she and her son are ordinary consumers and not business entities. This argument fails. In *Valhal*, we recognized that limitation-of-liability provisions are enforceable outside the commercial context. *Id.* at 203. And courts have enforced those limitations under Pennsylvania law against ordinary consumers in a variety of contexts, including gym membership agreements and cruise tickets. *See Hinkal v. Pardoe*, 133 A.3d 738, 743 (Pa. Super. Ct. 2016) (en banc); *Marek v. Marpan Two, Inc.*, 817 F.2d 242, 245–47 (3d Cir. 1987). In addition, "failure to read [the] agreement does not

4

render it either invalid or unenforceable." *Hinkal*, 133 A.3d at 743.

Third, Lamb's argument that the provision is inconspicuous also fails. A provision is "conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it." *Moscatiello v. Pittsburgh Contractors Equip. Co.*, 595 A.2d 1190, 1193 (Pa. Super. Ct. 1991) (internal quotation marks omitted). Here, the liability limitation covered half the front side of the customer receipts, sixteen of which were given to Austin. The phrase "READ THIS NOTICE" appears in capitalized text, making it conspicuous enough for a reasonable person to have noticed it. App. 87–102.[3]

Fourth, Lamb's unconscionability argument fails. A provision is unconscionable "if: 1) one of the parties had no meaningful choice with respect to the provision, and 2) the provision unreasonably favors the other party." *Borden, Inc. v. Advent Ink Co.*, 701 A.2d 255, 264 (Pa. Super. Ct. 1997). "[M]ere unequal bargaining power between the parties" is not enough. *Id.* Lamb chose to enter the contract with CVS, and none of its conditions unreasonably favored CVS.

Fifth, Lamb's argument about the inadequacy of damages for the tapes—which she described as "priceless and irreplaceable home movie videotapes"—is unavailing. Lamb Opening Br. 18. Pennsylvania courts have upheld liability limitations when the cap on liability is below the total amount of damages. *Lobianco v. Prop. Prot., Inc.*, 437 A.2d 417, 421 (Pa. Super. Ct. 1981) (upholding the limitation of liability to the cost of repair to a residential alarm system despite the plaintiff suffering $35,815 in damages).

---

[3] In addition, the phrase "Please Read Limit Of Liability On This Receipt" appears in larger than normal text. *Id.*

Sixth, Lamb's argument that the provision does not cover CVS is unpersuasive. It includes "[Fujifilm], its affiliates, retailers, agents or employees" if any media submitted to CVS "is damaged, lost or mishandled … even though due to the negligence or other fault of any of the foregoing." App. 87–102. This unambiguously applied to CVS: the customer receipts are printed on CVS's letterhead and stamped with its location; CVS acts as an agent or retailer of Fujifilm because customers only pick up and drop off videos at CVS; and it accepts VHS tapes for conversion, helps customers complete paperwork, and distributes DVDs to consumers after Fujifilm converts them. CVS was Fujifilm's retailer, so it was covered by the provision.

Lastly, Lamb is not entitled to emotional damages. They are awarded for breach of contract when one party acts in a "wanton or reckless" manner, "cause[s] bodily harm," and "had reason to know when the contract was made that the breach would cause mental suffering." *Emerman v. Baldwin*, 142 A.2d 440, 447 (Pa. Super. Ct. 1958). There is no evidence that CVS acted wantonly or recklessly; if anything, its efforts to locate the tapes undermine any such inference. Further, CVS was unaware of the tapes' contents and had no reason to know that a breach could cause Lamb mental suffering. In this context, Lamb is not entitled to emotional damages for breach of contract.

\*     \*     \*     \*

We thus affirm the District Court's ruling on CVS's partial motion for summary judgment. We also affirm its award of $334.84 in damages.

6